| B9I (Official Form 9I) (Chapter 13 Case) (12/12) | Case Number **2:14−bk−17485−EPB** |
|---|---|
| UNITED STATES BANKRUPTCY COURT District of Arizona | |

## Notice of
## Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 11/24/14.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.
See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
 CARRI LOUISE PERRY
 22510 S. 173RD WAY
 GILBERT, AZ 85298−6987

| Case Number:<br>2:14−bk−17485−EPB | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−2115 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>CLINT W. SMITH<br>CLINT W. SMITH PC<br>1423 S HIGLEY ROAD SUITE 120<br>MESA, AZ 85206<br>Telephone number: 480−807−9300 | Bankruptcy Trustee (name and address):<br>RUSSELL BROWN<br>CHAPTER 13 TRUSTEE<br>SUITE 800<br>3838 NORTH CENTRAL AVENUE<br>PHOENIX, AZ 85012−1965<br>Telephone number: 602−277−8996 |

## Meeting of Creditors
Date: **January 7, 2015**                                    Time: **10:30 AM**
 Location: **US Trustee Meeting Room, 230 N. First Avenue, Suite 102, Phoenix, AZ**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): **4/7/15**   For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **5/26/15**

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 3/9/15**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Filing of Plan, Hearing on Confirmation of Plan**
The debtor has not filed a plan as of this date. You will be sent separate notice of the hearing on confirmation of the plan.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the Bankruptcy Clerk's Office:**<br>U.S. Bankruptcy Court, Arizona<br>230 North First Avenue, Suite 101<br>Phoenix, AZ 85003−1727<br>Telephone number: (602) 682−4000 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>George Prentice |
|---|---|
| Hours Open: Monday − Friday 9:00 AM − 4:00 PM | Date: 12/10/14 |

**EXPLANATIONS** B9I (Official Form 9I) (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form (Official Form B10) can be obtained at the court's website: http://www.azb.uscourts.gov/default.aspx?PID=76 or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Dismissal of Case | This case shall be dismissed if the debtor(s) fail to appear at the meeting of creditors or fail to timely file all required schedules and statements. |
| Required Papers | **All individual debtors must provide photo identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed.** |

Refer to Other Side for Important Deadlines and Notices

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

**NOTICE OF CERTAIN PROVISIONS OF LOCAL BANKRUPTCY RULES 2084–1 through 2084–26**

These Rules implement procedures for Chapter 13 cases filed under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and apply to all Chapter 13 cases filed on or after October 17, 2005. The following does not include all provisions of these Rules. The complete Rules can be viewed at *www.azb.uscourts.gov*.

**Plan.**

    a. In addition to the requirements of 11 U.S.C. § 1322(a), a plan shall have:
        1. The debtor's estimate of the value of each secured claim, the method of determining the value, (examples such as Kelley Blue Book, appraisal, or debtor opinion) and the amount to be paid on each secured claim;
        2. The interest rate to be paid on each mortgage arrearage or other secured claim;
        3. A statement that the debtor has filed all tax returns or which returns are unfiled;
        4. The signatures of the debtor and debtor's attorney, in the form allowed or required by the ECF interim operating order; and
        5. A Local Form 13–2 plan analysis.
    b. Other than the original plan, a plan filed before entry of an order of confirmation of a plan shall be entitled "Amended Plan." In an amended plan, a debtor needs only to include those terms and conditions that differ from the original plan.
    c. A plan filed after entry of an order of confirmation of a plan shall be titled as a "Modified Plan." In a modified plan, a debtor needs only to include those terms or conditions that differ from the plan confirmed by the Court and the order confirming plan.

**Adequate Protection Payments.**

    a. A plan shall propose monthly adequate protection payments to creditors secured by depreciating personal property to be included in the plan payments, beginning with month one. Unless the Court orders otherwise, the debtor shall not make adequate protection payments directly to any creditor or reduce the amount of the plan payments made to the trustee for any amount attributable to the adequate protection payments.
    b. The trustee is authorized to make pre–confirmation adequate protection payments to one or more secured creditors if:
        1. The plan provides for payment of the adequate protection payments;
        2. The debtor's Schedule D discloses the debt and describes the collateral;
        3. The creditor has filed a secured proof of claim, with documentation evidencing a perfected security interest, that asserts a purchase money security interest in the personal property;
        4. The debtor or creditor sends a letter to the trustee requesting payment of pre–confirmation adequate protection payments set forth in the plan along with a copy of the secured proof of claim; and
        5. The collateral is depreciating and the amount of the adequate protection payments approximates the depreciation, which for motor vehicles is generally in the range of 1% of the value of the vehicle per month.
    c. Payment of pre–confirmation adequate protection payments is without prejudice to the secured creditor's right to object to the plan, or seek a determination as to the value of the secured claim or amount necessary to provide adequate protection.
    d. The trustee is entitled to take the percentage fee from all adequate protection payments received or collected. To the extent the trustee has funds on hand, the trustee shall begin making pre–confirmation adequate protection payments if the trustee receives the letter requesting pre–confirmation more than ten business days before the trustee's scheduled monthly distribution; otherwise the trustee will distribute adequate protection payments beginning with the next month's distribution.If the debtor has paid an insufficient amount of money to pay adequate protection payments in full, the trustee shall pay the creditors in pro rata amounts.
    e. If the trustee has not made pre–confirmation adequate protection payments, the trustee promptly shall disburse the adequate protection payments after the Court confirms the plan. If the Court dismisses the case before confirmation of a plan, the trustee will pay the creditor any adequate protection payments due and owing from funds received by the trustee under § 1326(a)(1)(A), less the statutory trustee's fee, then allowed administrative expenses. If the trustee is required to pay adequate protection payments to more than one

creditor but the trustee has an insufficient amount of money to pay them in full, the trustee shall pay the creditors in pro rata amounts.

**Serving the Plan or Motion for Moratorium.**

   a. The debtor shall serve on creditors, as required by § 342 and F.R.B.P. 7004 and 9014, the plan (original, amended, modified) and plan analysis, or any motion for a moratorium, and a notice containing the appropriate deadlines set forth below. A debtor must serve a motion for a moratorium in the same manner as a plan.
   b. A debtor needs only to serve nonmaterial changes in an amended or a modified plan on the trustee and those creditors affected by the changes. To be regarded as nonmaterial, the modification must not delay or reduce the dividend to be paid on any claim or otherwise modify the claim of affected creditor's consent. A material modification is considered a plan amendment or modification and must be noticed accordingly.
   c. The notice served with a plan or motion for a moratorium must be in a form that complies with this General Order and is approved by the chapter 13 trustee. Noticing out the plan or a motion for a moratorium without the notice is insufficient.
   d. If the debtor is unrepresented by counsel, the debtor is required timely to notice any plan or motion through the trustee. The trustee will direct how the debtor is to do the noticing and will select, with the approval of the United States Trustee, the mailing/copying service used by the debtor. The debtor shall pay the cost of this noticing.
   e. Unless the Court for cause orders otherwise, a debtor must accomplish service as follows:
       1. For the original plan, the debtor must serve it within five business days of filing it or within 25 days after the petition date, whichever is earlier.
       2. For an amended plan or pre−confirmation motion for a moratorium, the debtor must serve it within five business days after filing it.
       3. For a modified plan or post−confirmation motion for a moratorium, the debtor must serve it within five business days of filing it.
   f. If the debtor fails timely and properly to serve the original plan, within 25 days of the petition date, the trustee, in the trustee's discretion, may continue the meeting of creditors for a sufficient period for the debtor to notice out the plan and for creditors to receive at least 25 days of notice. The debtor shall contact the trustee for the date and time of the continued meeting of creditors. Using an updated master mailing list, the debtor shall notice out the continued meeting to all parties entitled to notice and file a certificate of service within three business days after receiving the continued date and time from the trustee. Also, within the same period, the debtor shall notice out the plan and the notice containing the deadline for creditor objections. If the debtor is pro se, the noticing of the plan and continued meeting of creditors may be combined. The new deadline for creditor objections shall be 10 calendar days after the date of the continued meeting of creditors or 25 days after service, whichever is later. If the Court dismisses the debtor's case before the debtor attends a meeting of creditors and then reinstates the case, the debtor shall notice or re−notice out the plan to creditors and file a certificate of service within three business days of receipt of the rescheduled meeting of creditors. The deadline for creditor objections shall be 10 days after the date of the meeting of creditors or 25 days after service, whichever is later.
   g. After the debtor serves any plan, motion for a moratorium, continued meeting of creditors, or reinstatement order, the debtor shall file a certificate of service within five business days. The certificate of service may be incorporated into the notice. The debtor shall attach a copy of the document being noticed out, the mailing list used, and the notice mailed to the certificate of service. Instead of attaching the document noticed out, the certificate and docket entry may contain the appropriate reference to the ECF docket number for that document. The debtor must use a master mailing list downloaded from the Court within five business days before the noticing. The mailing list attached to the certificate of service must contain the PACER/ECF information.
   h. If the debtor fails timely to file and properly serve any plan or motion for a moratorium, or timely file a certificate of service, the trustee may upload, and if uploaded shall serve, a proposed dismissal order and, after 10 days, the Court may dismiss the case without further notice or a hearing.

**Creditor Objection to Plan or Motion for Moratorium.**

   a. Time for filing creditor objection:
       1. For an original or amended plan, or pre−confirmation motion for a moratorium, the deadline for a creditor to file an objection to confirmation is 10 calendar days after the date set for the meeting of creditors or 25 days after service, whichever is later.
       2. For a modified plan or post−confirmation motion for a moratorium, the deadline for a creditor to file an objection to confirmation is 25 days after the date of service.

b. The failure of a party in interest timely to file an objection to confirmation of a plan or the granting of a motion for a moratorium shall constitute acceptance of the plan or motion pursuant to 11 U.S.C. § 1325(a)(5)(A) and a waiver of the requirement that the Court hold a confirmation hearing within 45 days after the date of the meeting of creditors. Notice of the waiver of the 45−day confirmation hearing requirement and acceptance of the plan due to a creditor's failure timely to object shall be conspicuous in the notice of date to file objections served on all creditors.
c. A secured creditor who disagrees with the valuation of the creditor's secured claim in the plan and who files an objection, shall state in the objection the creditor's estimate of the value of the collateral, the method of determining the value, and the amount of claim that is secured. Upon receipt of the creditor's objection, the debtor shall make the collateral available to the creditor for inspection and appraisal.

**Trustee's Recommendation/Objection.**

a. For any plan or motion for a moratorium, the trustee shall file a recommendation/ objection by 25 days after the date set for the creditor objections.
b. The debtor shall comply with any requirements stated in the trustee's recommendation/objection requesting documentation or information, to move the case procedurally toward confirmation of the plan, or to pay any delinquent plan payments. Within 30 days after the trustee files the recommendation/objection, the debtor shall comply with the trustee's requests. If the debtor timely fails to comply, the trustee may upload a dismissal order. If the trustee objects to the fees requested by debtor's counsel, counsel shall provide to the trustee a statement reflecting what work was done for the debtor and the time spent on each task. The statement may be as time sheet summaries.
c. If the debtor makes no plan payments by the deadline for the trustee's recommendation set above, the trustee may upload an order dismissing the case rather than file a recommendation/objection.

**Confirmation Hearing or Hearing on Objection.**

a. Unless the Court orders otherwise, a hearing on a creditor's objection is not a hearing requiring attendance of the trustee.
b. A creditor who timely files an objection to plan confirmation may request a hearing on the objection from the Court prior to the expiration of the last date for filing an objection to plan confirmation. The failure of a creditor timely to request a hearing will constitute a waiver of the requirement that the Court hold a confirmation hearing within 45 days after the date of the meeting of creditors.
c. Anytime after expiration of the time for a creditor to object, the debtor, trustee, or creditor may request the Court set a confirmation hearing rather than a hearing on an objection. Any order or notice setting a confirmation hearing must clearly state whether the debtor, debtor's attorney, trustee, and any creditor with an unresolved objection must appear at the hearing.

**Confirmation of Plan or Granting of Motion for Moratorium.**

The Court may confirm a plan or grant a motion for a moratorium without a confirmation or other hearing if:

a. There are no timely objections filed by creditors and the trustee recommends confirmation or approval; or
b. The trustee and all objecting creditors agree to a stipulated order.

**Trustee Motion to Dismiss.**

a. A motion to dismiss filed by the trustee because the debtor is delinquent in one or more plan payments may provide for dismissal of the case unless, within 30 days of the trustee filing the motion, the debtor does one of the following:
    1. Pays the trustee the amount of the delinquent plan payments or gets an informal agreement with the trustee to catchup the payments;
    2. If the debtor is otherwise eligible, files with the Court, and serves a copy on the trustee, a notice of conversion to Chapter 7; or
    3. Files and serves a motion for a moratorium of the delinquent plan payments.
b. If the debtor timely fails to do one of the acts in paragraph (a), the trustee may upload an order dismissing the case and, the Court may summarily dismiss the case.

**Debtor's Objection to Proposed Dismissal Order.**

If the debtor files an objection to a proposed dismissal order, the debtor must state what issues are resolved, what issues remain, and what has been done to move the plan toward confirmation.

**Reinstatement of Dismissed Cases.**

If the Court dismisses a case on motion of the trustee or pursuant to SectionVIII, the Court may grant a motion to reinstate the case without a hearing if the trustee approves the proposed reinstatement order. If the trustee does not approve the order, the debtor may set the matter for hearing. The Court may set a hearing on the motion to reinstate on request of an interested party who had joined the trustee's dismissal motion.

**Priority or Secured Claims.**

A claimant filing a secured or priority claim must file it electronically.

**Stay Relief to Secured Creditor.**

When a stay relief order unconditionally permits a creditor to foreclose or repossess its collateral, the trustee shall cease making payments on the creditor's secured claim if the trustee received the order more than five days before a monthly plan distribution, unless the order granting stay relief provides otherwise. The trustee may continue distributions to other creditors.

**ENTERED BY THE COURT**

```
                              United States Bankruptcy Court
                                   District of Arizona
In re:                                                                Case No. 14-17485-EPB
CARRI LOUISE PERRY                                                    Chapter 13
        Debtor             CERTIFICATE OF NOTICE

District/off: 0970-2           User: venturaam              Page 1 of 2                    Date Rcvd: Dec 10, 2014
                               Form ID: b9i                 Total Noticed: 55
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 12, 2014.
```
db          +CARRI LOUISE PERRY,    22510 S. 173RD WAY,    GILBERT, AZ 85298-8987
tr           RUSSELL BROWN,    CHAPTER 13 TRUSTEE,    SUITE 800,    3838 NORTH CENTRAL AVENUE,
               PHOENIX, AZ 85012-1965
13296713    +AMERICAN ACCOUNTS & ADVISORS, INC.,    7460 80TH ST. S.,    COTTAGE GROVE MN 55016-3007
13296714    +AMERICAN FAMILY INSURANCE,    6000 AMERICAN PARKWAY,    MADISON WI 53783-0002
13296715    +BUREAU OF MEDICAL ECONOMICS,    326 E. CORONADO RD.,    PHOENIX AZ 85004-1524
13296717     CHANDLER RADIOLOGY ASSOCIATES,    PO BOX 15638,    SCOTTSDALE AZ 85267-5638
13281249     CHASE MANHATTAN MORTGAGE,    PO BOX 24696,    COLUMBUS OH 43224-0696
13296720    +CHURCH OF JESUS CHRIST OF LDS,    50 EAST NORTH TEMPLE STREET,    SALT LAKE CITY UT 84150-9001
13296722    +COLLECTION SERVICE BUREAU,    2901 N. 78TH ST.,    SCOTTSDALE AZ 85251-6547
13296725     DEPARTMENT OF EDUCATION,    RE: SALLIE MAE,    PO BOX 740283,    ATLANTA GA 30374-0283
13296726    +DESERT SHORES PEDIATRICS, PC,    3336 E. CHANDLER HEIGHTS RD. #132,    GILBERT AZ 85298-4264
13296728     EMERGENCY PROFESSIONAL SERVICES PC,    PO BOX 15070,    SCOTTSDALE AZ 85267-5070
13296729    +EOS CCA,   700 LONGWATER DR.,    NORWELL MA 02061-1624
13296732    +GILLESPIE SHIELDS & DURRANT,    7319 N. 16TH ST. #100,    PHOENIX AZ 85020-5294
13296733    +GRAND CANYON UNIVERSITY,    C/O ACCOUNT CONTROL TECHNOLOGY, INC.,    PO BOX 1259 DEPT. #102264,
               OAKS PA 19456-1259
13296735    +GREGORY WHITE MD PC,    1641 E. OSBORN RD. #6,    PHOENIX AZ 85016-7146
13296736    +GURSTEL CHARGO,    9320 E. RAINTREE DR.,    SCOTTSDALE AZ 85260-2072
13296738    +HEALTHCARE COLLECTIONS, INC.,    22639 N. 17TH AVE.,    PHOENIX AZ 85027-1303
13296739     HOLLYWOOD VIDEO,    PO BOX 6789,    WILSONVILLE OR 97070
13296741    +INGRAM & ASSOCIATES,    1009 WINDCROSS COURT,    FRANKLIN TN 37067-2678
13296743     JOSEPH MANN & CREED,    20600 CHAGRIN BLVD. #550,    BEACHWOOD OH 44122-5340
13296746    #+MEDICAL RESOURCE SYSTEMS,    PO BOX 40370,    MESA AZ 85274-0370
13296747     MERCY GILBERT MEDICAL CENTER,    FILE 50576,    LOS ANGELES CA 90074-0576
13296748    +NORTHLAND GROUP, INC.,    PO BOX 390905,    MINNEAPOLIS MN 55439-0905
13296749     PEDIATRIX CARDIOLOGY,    4722 N. 24TH ST. #150,    PHOENIX AZ 85016-4860
13296751     PREMIER EMERGENCY MEDICAL SPECIALISTS,    PO BOX 96328,    OKLAHOMA CITY OK 73143-6328
13296754     SMI IMAGING, LLC,    PO BOX 204165,    DALLAS TX 75320-4165
13296755     THE CORE INSTITUTE,    PO BOX 80184,    CITY OF INDUSTRY CA 91716-8184
13296756     THE LITTLE CLINIC,    2620 ELM HILL PIKE,    NASHVILLE TN 37214-3108
13296761    +WASTE MANAGEMENT,    2625 W. GRANDVIEW RD.,    PHOENIX AZ 85023-3109
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty          E-mail/Text: cws@cwspclaw.com Dec 11 2014 00:02:13     CLINT W. SMITH,    CLINT W. SMITH PC,
               1423 S HIGLEY ROAD SUITE 120,    MESA, AZ 85206
smg          EDI: AZDEPREV.COM Dec 10 2014 23:53:00      AZ DEPARTMENT OF REVENUE,    BANKRUPTCY & LITIGATION,
               1600 W. MONROE, 7TH FL.,    PHOENIX, AZ  85007-2650
13296712    +E-mail/Text: bankruptcydepartment@ncogroup.com Dec 11 2014 00:03:51      ACN-VOIP,
               C/O NCO FINANCIAL SYSTEM, INC.,    507 PRUDENTIAL RD.,    HORSHAM PA 19044-2308
13281248     EDI: AZDEPREV.COM Dec 10 2014 23:53:00      AZ DEPT OF REVENUE,    BANKRUPTCY UNIT,
               1600 W MONROE 7TH FL,    PHOENIX AZ 85007-2650
13296716     EDI: CAPITALONE.COM Dec 10 2014 23:53:00      CAPITAL ONE BANK,    PO BOX 85015,
               RICHMOND VA 23285-5075
13296718     EDI: CHASE.COM Dec 10 2014 23:53:00      CHASE CARD SERVICES,    PO BOX 94014,
               PALATINE IL 60094-4014
13296721    +EDI: CITICORP.COM Dec 10 2014 23:53:00      CITIBANK CREDIT CARD,    PO BOX 6500,
               SIOUX FALLS SD 57117-6500
13296723    +E-mail/Text: bankruptcy@bbvacompass.com Dec 11 2014 00:03:34      COMPASS BANK,
               2850 E CAMELBACK RD #140,    PHOENIX AZ 85016-4357
13296724    +EDI: CCS.COM Dec 10 2014 23:53:00      CREDIT COLLECTION SERVICES,    TWO WELLS AVENUE,
               NEWTON CENTER MA 02459-3246
13296727    +EDI: CONVERGENT.COM Dec 10 2014 23:53:00      E R SOLUTIONS, INC,    800 SW 39TH ST,
               PO BOX 9004,    RENTON WA 98057-9004
13296730    +EDI: FSAE.COM Dec 10 2014 23:53:00      FIRSTSOURCE ADVANTAGE LLC,    205 BRYANT WOODS SOUTH,
               BUFFALO NY 14228-3609
13296731    +E-mail/Text: jkrause@gilberter.com Dec 11 2014 00:04:05      GILBERT HOSPITAL,
               5656 S. POWER RD.,    GILBERT AZ 85295-8491
13296734    +E-mail/Text: bknoticing@grantweber.com Dec 11 2014 00:03:34      GRANT & WEBER,
               14795 N . 78TH WAY STE. 800,    SCOTTSDALE AZ 85260-3010
13296740     EDI: IIC9.COM Dec 10 2014 23:53:00      IC SYSTEM, INC.,    444 HIGHWAY 96 E.,    PO BOX 64887,
               SAINT PAUL MN 55164-0887
13296742    +EDI: PINNACLE.COM Dec 10 2014 23:53:00      INTEGRITY FINANCIAL PARTNERS, INC.,
               4370 W. 109TH ST. #100,    LEAWOOD KS 66211-1316
13281247     EDI: IRS.COM Dec 10 2014 23:53:00      INTERNAL REVENUE SERVICE,    PO BOX 7346,
               PHILADELPHIA PA 19101-7346
13296744     EDI: LEADINGEDGE.COM Dec 10 2014 23:53:00      LEADING EDGE RECOVERY SOLUTIONS,    PO BOX 129,
               LINDEN MI 48451-0129
13296745    +EDI: LTDFINANCIAL.COM Dec 10 2014 23:53:00      LTD FINANCIAL SERVICES,
               7322 SOUTHWEST FREEWAY, SUITE 1600,    HOUSTON TX 77074-2134
13296750    +EDI: PINNACLE.COM Dec 10 2014 23:53:00      PINNACLE FINANCIAL GROUP,
               7825 WASHINGTON AVE. S. #310,    MINNEAPOLIS MN 55439-2424
13296752     E-mail/Text: bkdepartment@rtresolutions.com Dec 11 2014 00:03:52     REAL TIME RESOLUTIONS,
               1349 EMPIRE CENTRAL DR. #150,    DALLAS TX 75247-4029
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
13296753        +EDI: NAVIENTFKASMSERV.COM Dec 10 2014 23:53:00      SALLIE MAE SERVICING,    PO BOX 9500,
                 WILKES BARRE PA 18773-9500
13296757        +E-mail/Text: k.woodworth@tiburonllc.com Dec 11 2014 00:04:27      TIBURON FINANCIAL LLC,
                 11510 BLONDO ST. #200,    OMAHA NE 68164-3846
13296758        +EDI: URSI.COM Dec 10 2014 23:53:00      UNITED RECOVERY SYSTEMS, LP,    5800 N. COURSE DR.,
                 HOUSTON TX 77072-1613
13296759         EDI: USBANKARS.COM Dec 10 2014 23:53:00      US BANK,    PO BOX 6345,    FARGO ND 58125
13296760         EDI: AFNIVZWIRE.COM Dec 10 2014 23:53:00      VERIZON WIRELESS,    PO BOX 790293,
                 SAINT LOUIS MO 63179-0293
                                                                                              TOTAL: 25

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13296711*       AZ DEPT OF REVENUE,    BANKRUPTCY UNIT,    1600 W MONROE 7TH FL,    PHOENIX AZ 85007-2650
13296719*       CHASE MANHATTAN MORTGAGE,    PO BOX 24696,    COLUMBUS OH 43224-0696
13296710*       INTERNAL REVENUE SERVICE,    PO BOX 7346,    PHILADELPHIA PA 19101-7346
13296737       ##HANGER P&O WEST,    3540 E. BASELINE #100,    DBA ELITE CARE,    PHOENIX AZ 85042-9628
                                                                                         TOTALS: 0, * 3, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 12, 2014                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 10, 2014 at the address(es) listed below:
              CLINT W. SMITH    on behalf of Debtor CARRI LOUISE PERRY staceywork@hotmail.com;st@cwspclaw.com
              RUSSELL  BROWN    ecfmailclient@ch13bk.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                             TOTAL: 3
```